IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **DONALD HEDRICH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No.: 4:14-cv-389 |
| vs. | ) | |
| | ) | |
| | ) | |
| **ALLSCRIPTSMISYS, LLC** | ) | |
| | ) | |
| **Serve:** | ) | |
| AllscriptsMisys, LLC Welfare Committee | ) | |
| 8529 Six Forks Road | ) | |
| Raleigh, NC 27615 | ) | |
| | ) | |
| **BLUE CROSS BLUE SHIELD OF** | ) | |
| **NORTH CAROLINA** | ) | |
| | ) | |
| **Serve:** | ) | |
| N King Prather, Rgt. Agent | ) | |
| Legal Dept | ) | |
| PO Box 2291 | ) | |
| Durham, NC 27702 | ) | |
| **Defendants.** | ) | |

## COMPLAINT – EMPLOYEE RETIREMENT INCOME SECURITY ACT

**COMES NOW** Plaintiff Donald Hedrich, by and through the undersigned attorney, and for his cause of action against defendants AllscriptsMisys, LLC and Blue Cross Blue Shield of North Carolina respectfully states the following:

### COUNT I- DENIAL OF BENEFITS

1.      Plaintiff, Donald Hedrich("Mr. Hedrich"), brings this action against Defendants AllscriptsMisys, LLC ("Allscripts") and Blue Cross Blue Shield of North Carolina ("BCBSNC"), for damages caused by the Defendants' breaches of statutory, contractual and

fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. Mr. Hedrich seeks recovery and payment of benefits due under a healthcare benefits plan, statutory penalties, and costs and attorney's fees associated with this action, as provided by ERISA.

**PARTIES**

3. Plaintiff Donald Hedrich is a resident of Missouri, and the father of a minor son, C.H. who is 6 years old.

4. Upon information and belief, Defendant BCBSNC is a foreign corporation, incorporated in North Carolina, having their principal place of business in North Carolina, and is not licensed to do business as a foreign corporation or a foreign insurance company in the State of Missouri.

5. Allscripts is a Limited Liability Corporation registered in the State of Missouri as a foreign LLC, with its principal place of business in North Carolina.

6. At all relevant times, C.H. was covered under his father's, Plaintiff Donald Hedrich's, Group Health Plan (hereinafter "the Plan") that was offered through his employer, Defendant Allscripts. Upon information and belief, the Plan is an employee welfare benefit plan regulated by ERISA. At all times C.H. was eligible for benefits under the Plan as a dependant of his father. Defendant BCBSNC was the claims administrator of the Plan and was responsible for making claims decisions regarding coverage.

7. The Plan's medical coverage includes mental health and substance abuse services.

8. The claims that are the subject of this lawsuit were administered by Defendant BCBSNC in the State of Missouri.

9. Mr. Hedrich is a "member," beneficiary and participant in the ERISA medical benefits Plan that is administered by Defendants.  His son, C.H. is entitled to medical benefits and mental health benefits, as an enrolled dependant in the Plan. As such, the Defendants owe fiduciary, contractual and statutory duties and obligations to Mr. Hedrich for payment of benefits for his son's incurred medical and mental health expenses consistent with ERISA, the Plan, and interpretive case law.

## JURISDICTION AND VENUE

10. All Defendants are subject to personal jurisdiction in the State of Missouri as, upon information and belief, at all times relevant to the allegations herein, each Defendant transacted business in the State of Missouri, and otherwise subjected itself to jurisdiction in the State of Missouri based on the allegations herein.

11. This Court has federal question jurisdiction under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because Mr. Hedrich's claims arise under ERISA, 29 U.S.C. § 1001, *et seq.*

12. Venue in this Court is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391 (b) and (c).

## FACTUAL ALLEGATIONS
### C.H.'s Autism Spectrum Disorder

13. C.H. was diagnosed with Autism Spectrum Disorder from an early age, and his pediatrician prescribed Applied Behavioral Analysis ("ABA").

14. As defined in Missouri Revised Statute Section 337.300,  ABA is " the design, implementation, and evaluation of environmental modifications, using behavioral stimuli and consequences, to produce socially significant improvement in human behavior, including the use of direct

3

observation, measurement, and functional analysis of the relationships between environment and behavior."

15.     ABA is a widely accepted treatment for autism, and is particularly effective when started at a young age.

16.     Following their pediatrician's directives, Plaintiff sought treatment from Lisa Gilbertson of Behavior Solutions in St. Peters, Missouri, who holds a license from the State of Missouri as a Behavior Analyst, and is an "autism service provider," qualified to provide diagnostic and treatment services for autism spectrum disorders under Missouri law.

17.  The state of Missouri licenses and regulates the profession of Behavior Analyst through the Missouri state committee of psychologists, behavior analyst advisory board under the administration of the Missouri Department of Professional Registration.

## BCBSNC Denials of  Necessary ABA Therapy

18.     Between January 4, 2011 and February 28, 2011, C.H. received 25 separate ABA therapy treatment sessions, which BCBSNC denied payment for, but eventually paid for at the out-of-network rate, based on an "administrative decision," because BCBSNC had determined that it had misled Mr. Hendrich.

19.  Between March 2, 2011 and December 28, 2012 C.H. continued to receive ABA therapy treatment from Behavioral Solutions.

20.  Defendants denied payment for 217 ABA therapy sessions between March 2, 2011 and December 28, 2012.

21.  BCBSNC communicated its denials through an "Explanation of Benefits," which stated as the reason for its denial, "Service is not covered for either the primary diagnosis or service codes listed."

22.  BCBSNC's explanations of benefits violated the provisions of ERISA, specifically 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f),  because it did not provide written notice of the specific reasons for its denial, nor did it provide a specific reference to the pertinent plan provisions on which the denial is based.

23.  Mr. Hedrich appealed all of the denials in accordance with the Plan.

24.  On September 2, 2011 BCBSNC upheld its original denials stating two reasons for its denial: first, "the services in question are being rendered by a non-physician," and second, "the procedure codes H0031-Mental Health Assessment by non-physician & H2012 Behavioral Health Day Treatment, per hour that you were informed to use by Behavior Solutions on the claim for you submitted on your sons behalf are non-covered procedure codes by BCBSNC."

25.  BCBSNC's letters upholding its denial of benefits on appeal are not written in a manner calculated to be understood by a normal plan participant, and do not state the reason for the denial and therefore violate the provisions of ERISA, specifically 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f).

26.   Mr. Hedrich sought clarification of BCBSNC's denial from Allscripts, who according to the Summary Plan Description serves as the Plan Sponsor and Plan Administrator. In an email dated May 6, 2011, Allscript's Benefits Manager Lisa Elder, stated to Mr. Hedrich that the claims were denied because BCBSNC determined that the ABA therapy provided to C.H. was a non-covered service because it was a , "mental assessment by a non-physician and experimental."

27. In response to Mr. Hedrich's continued requests for clarification of the benefit denials, Cindy Brenneman, the "Director, Quality Programs and Appeals," for BCBSNC wrote that the had reviewed the claim and the "documentation reflects that the claim was reviewed and denied as a non-covered/ no benefit meaning there is no a benefit for these services under your group health plan policy.  Originally the non-covered denial was attributed to the eligibility of the provider; **however this is unrelated to the actual basis of the denial."**  (Emphasis added.)

28. In the same letter, Ms. Brenneman stated that the actual reason for denial was that BCBSNC considered ABA therapy a form of "educational/therapy or special education," and was excluded under the policy."

29. Ms. Brenneman further stated in her April 3, 2012 letter that, "Because of the nature of events surrounding this case, BCBSNC has made an administrative decision to reimburse you for the services [C.H.] received from Behavioral Solutions for claims already filed for January and February 2011 at the out-of-network level of care.  This does not set precedent of any future claims payments related to ABA Therapy.  **Any claims received after this notification will be denied as a benefit exclusion**…"(emphasis added).

30. Plaintiff pursued all appropriate level of appeals available to him under the Plan. All subsequent appeals and reviews were denied by defendant BCBSNC on behalf of defendants.

31. BCBSNC denied coverage despite the recommendations of C.H.'s pediatrician, his state licensed ABA therapy treatment team, the overwhelming body of medical evidence of ABA therapy's medical necessity and efficacy in the treatment of Autism Spectrum Disorder and C.H.'s clinical need for continuing ABA therapy treatment.

32. Mr. Hedrich exhausted and/or was denied all levels of appeal provided by the Plan.

**The Defendants' Breaches**

33. The Defendants breached their contractual, fiduciary and statutory obligations to Mr. Hedrich in their administration of the Plan. The Defendants' breaches included, but are not necessarily limited to, the following:

(a) Failing and refusing to authorize medically necessary treatment;

(b) Failing and refusing to pay for medically necessary treatment;

(c) Failing and refusing to follow the applicable best practices in reviewing treatment authorization requests;

(d) Using unqualified and improperly credentialed reviewers to consider Mr. Hedrich's claims and appeals of denials;

(e) Applying erroneous and irrelevant standards in considering Mr. Hedrich's claims and appeals of denials;

(f) Engaging in a pattern of conduct and behavior that discouraged, frustrated, limited and denied Ms. Hedrich the benefits and medically necessary treatment to which his son was entitled to;

(g) Employing a scheme that denied Mr. Hedrich's son the medically necessary treatment and benefits to which he was entitled to by rendering as moot or meaningless any determination or opinion of medical professionals supporting the necessity of ABA therapy treatment and deciding the claim without any regard to C.H.'s medical needs or case specifics;

(h) Failing to administer the Plan in the interests of Plan beneficiary, Mr. Hedrich and his son C.H. ; and

    (i)  Failing to fulfill the notice and review requirements of ERISA, not providing a full and fair review of C.H.'s claim, and denying Mr. Hedrich and his son C.H. the benefits he was entitled to under the policies at issue and applicable law.

  34.  The actions of Defendants in failing to provide coverage, authorize treatments and pay benefits for the treatments provided to Mr. Hedrich's son, C.H., were in violation of the terms of the Plan.

  35.  In addition, the Defendants breached their fiduciary duties when they failed to comply with their obligations under 29 U.S.C. § 1104 and 29 U.S.C. § 1133 to act for the exclusive purpose of providing benefits to Plan participants and beneficiaries when they, or their agents, failed to provide a full and fair review of Mr. Hedrich's denied claims.

  36.  The actions of the Defendants as outlined above violated ERISA and constitute a breach of the terms and provisions of the Plan establishing the rights and liabilities of the parties.

  37.  The actions of Defendants, as outlined above, have caused damage to Mr. Hedrich in the form of denial of payment for medical services rendered to his son, C.H. in the amount of $15,922.50, to date.

  38.  The Defendants are responsible to pay Mr. Hedrich's benefits due under the terms of the Plan, Together with prejudgment interest, attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1) to the date of payment of the unpaid benefits.

  **Wherefore**, Plaintiff Donald Hedrich respectfully prays for judgment against Defendants as follows:

A. Awarding damages in the amount of the unpaid medical expenses for incurred by Plaintiff for C.H.'s ABA therapy in the amount of $15,922.50, plus pre and post-judgment interest to the date of full payment.

B. Awarding of attorney's fees and costs incurred pursuant to 29 U.S.C. § 1132(g); and

C. For such relief as the Court deems just and proper.

## COUNT II- NON-DISCLOSURE OF DOCUMENTS

39. Plaintiff incorporates by reference paragraphs 1-28 of Count I of his Complaint as if fully set forth as paragraph 28.

40. The Plan names Defendant Allscripts as the Plan Administrator.

41. In the required notice of ERISA rights attached to the BCBSNC denial letters, Plaintiff was directed to send any request for copies of information relevant to the claim to BCBSNC.

42. Defendant Allscripts delegated its responsibility to BCBSNC to provide the documents described in 29 C.F.R. §  2560.503-1 (m)(8), and that it was required to disclose under 29 U.S.C. § 1132(c).

43. On December 1, 2011, and again on May 27, 2013 Plaintiff requested in writing that BCBSNC provide a copy of any and all relevant plan documents relating to its denial.

44. To date, BCBS has not provided the documents, in violation of 29 U.S.C. § 1132(c), and 29 C.F.R. §2560.503-1. 29 U.S.C. 1024(b)(4)

**Wherefore**, Plaintiff prays for entry of the following relief against Defendants, specifically:

9

A. Judgment for penalties of up to $110 a day from 30 days following the date of the requests mentioned above, until such time as the plan administrator or any of the other parties assuming or undertaking the responsibilities of plan administrator or otherwise involved, makes such disclosures as the Court determines appropriate or as compelled by law.

B. For such other and further relief as shall be appropriate in the premises.

C. For a reasonable attorney's fees to be paid to Plaintiff's attorneys.

D. For Plaintiff's costs herein expended.

Respectfully submitted,

**HELLER, GALLAGHER & FINLEY, L.L.P.**

_____

Matthew R. Davis MBE 58205
1670 South Hanley Road
St. Louis, Missouri  63144
(314) 725-1780
Fax (314) 725-0101
mrdavis@hgflawyers.com
tjgallagher@hgflawyers.com


Attorneys for Plaintiff